Citation Nr: 1448527 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 10-40 129 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUES

1. Entitlement to service connection for alcoholic peripheral neuropathy, bilateral lower extremities, as secondary to posttraumatic stress disorder (PTSD).

2. Entitlement to a total disability rating based on individual unemployability (TDIU).


REPRESENTATION

Appellant represented by: Oregon Department of Veterans' Affairs


WITNESS AT HEARING ON APPEAL

The Veteran



ATTORNEY FOR THE BOARD

M. McPhaull, Counsel


INTRODUCTION

The Veteran served on active duty in the U.S. Army from February 1976 to March 1976, and in the U.S. Coast Guard from September 1978 to February 1985.

These matters come to the Board of Veterans' Appeals (Board) on appeal from a rating decision issued in July 2008 by the Department of Veterans Affairs (VA) Regional Office (RO) in Seattle, Washington. The Board notes that notification came from the Portland RO and the Portland RO has jurisdiction over the claim.

In August 2007, the RO awarded the Veteran service connection for, inter alia, PTSD with an initial rating of 50 percent, effective June 19, 2005. No notice of disagreement (NOD) as to the initial evaluation of the PTSD was filed.

In September 2007, the Veteran filed informal claims for service connection for alcohol dependence and neuropathy. Shortly thereafter, the Veteran contacted the RO to request a status update of those claims and to add a claim for TDIU. In October 2007, the Veteran filed a formal application (via Form 21-8940) for TDIU due to "PTSD/Alcoholism" and submitted a statement that his mental health examiner told him that his alcoholism is due to self-medication of his PTSD.

In July 2008, the RO denied the Veteran's service connection claims for alcoholism; alcoholic peripheral neuropathy, bilateral lower extremities, and TDIU. In March 2009, the Veteran filed an NOD as to the denial of TDIU and alcohol-related peripheral neuropathy as secondary to PTSD. In August 2010, the RO issued a statement of the case (SOC) continuing the denial of TDIU and alcoholic peripheral neuropathy. In September 2010, the Veteran filed a substantive appeal, in which he requested a hearing before a Veterans Law Judge of the Board, indicated that he was appealing all of the issues listed in the September 2010 SOC, and presented brief argument in favor of a grant of TDIU and peripheral neuropathy secondary to PTSD. A hearing before the undersigned Veterans Law Judge took place in March 2012. A transcript of the hearing has been associated with the Veteran's claims file.

The Board observes that the July 2008 rating decision denied service connection for alcoholic peripheral neuropathy, bilateral lower extremities. However, service connection for disability resulting from a claimant's own drug or alcohol abuse is precluded for all VA benefit claims filed after October 31, 1990. See VAOPGCPREC 7-99; VAOPGCPREC 2-98. Nevertheless, service connection may be awarded for an organic alcohol or drug abuse disability acquired as secondary to a service-connected disability. See Allen v. Principi, 237 F.3d 1368 (Fed. Cir. 2001). In the present case, a January 2010 VA examination indicates that the Veteran's peripheral neuropathy is due to his chronic alcohol abuse. Accordingly, as indicated on the first page of this decision, the Board has re-characterized the issue of peripheral neuropathy on appeal, limiting the claim to one for secondary service connection only. See Brokowski v. Shinseki, 23 Vet. App. 79 (2009) (holding that, when determining the scope of an issue on appeal, the Board has an obligation to broadly construe the claimant's description of the claim, the symptoms described, and the information provided in connection with that claim).

In February 2014, these matters were remanded for additional development, to include obtaining outstanding treatment records, and to afford the Veteran adequate examinations.

In the February 2014 remand, the Board also found that the issue of an increased rating for Veteran's service-connected PTSD had been raised by the record. Indeed, in April 2010, an informal conference before a Decision Review Officer (DRO) was held at the Veteran's request. During that conference, the Veteran's representative asserted that she strongly believes that the Veteran's PTSD should be evaluated at a rating above 50 percent. In response, the DRO stated that such would be "addressed by the DRO, even though there is otherwise no specific NOD for the evaluation of any disability, per se." The Board noted, however, the issue of an increased rating of the Veteran's PTSD had not been addressed at any stage during this appeal. Additionally, at the March 2012 hearing, when asked by the undersigned Veterans Law Judge whether the Veteran sought 100 percent for his PTSD, the representative initially indicated that the Veteran only sought TDIU but then ambiguously expressed the Veteran's willingness to accept a 100 percent rating for PTSD, even though an increased rating claim for PTSD was not on appeal. See March 2012 Hearing at 8. The Board observed that as the issue of an increased rating for PTSD was not adjudicated by the Agency of Original Jurisdiction (AOJ), the Board did not have jurisdiction over it, and it was referred to the AOJ for appropriate action.

The Board notes that it does not appear as if any development regarding the Veteran's claim for an increased rating for PTSD has been completed. As such, this issue is once again referred to the AOJ for appropriate action.

The Veteran's appeal is now processed using the Veterans Benefit Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this case should take into consideration the existence of this electronic record.

The appeal is once again REMANDED to the AOJ. VA will notify the Veteran if further action, on his part, is required.


REMAND

Although the Board regrets the additional delay, a remand is once again necessary to ensure that due process is followed and there is a complete record upon which to decide the Veteran's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159(c) (2014).

In February 2014, the Board remanded the appeal in order to afford the Veteran an adequate VA examination pertaining to his claimed alcohol-related peripheral neuropathy, as secondary to service-connected PTSD. The examination was scheduled for May 7, 2014; however, it was cancelled, as the Veteran failed to report. 

Upon review of additional VA treatment records, it is noted that from April 2014 to June 2014 the Veteran appears to have been undergoing outpatient treatment for a back disorder in order to prepare for back surgery that he had in July 2014. Thus it is unclear whether or not the Veteran received notice of the May 7, 2014 examination; or if such date actually conflicted with a date when he was scheduled to be at VA for any treatment for his back in preparation for the July 2014 surgery.

Under the circumstances, and in the interest of due process, the Board finds that the Veteran should once again be given another opportunity to report for a VA examination to obtain the medical information needed to resolve the current claims on appeal.

The Board also observes that the February 2014 remand requested all outstanding treatment records from service, VA, Social Security, and any private records. Upon review, all available records requested have been associated with the Veteran's claims file. The Board notes, however, any updated pertinent VA treatment records from July 24, 2014 forward should be obtained.

Accordingly, the case is REMANDED for the following action:

1. For VA medical records from the Portland VAMC from July 24, 2014 forward, obtain and associate with the claims file all outstanding, relevant treatment records and any reports of relevant diagnostic tests related to the Veteran's substance abuse or PTSD.

2. After any pertinent updated VA treatment records have been received, arrange for the Veteran to undergo VA examination, by an appropriate physician, at a VA medical facility to determine whether his alcohol dependence was caused or aggravated by his service-connected PTSD.

The electronic claims file, including a complete copy of this remand, must be made available for review of the Veteran's pertinent medical history. The examination report should include discussion of the Veteran's documented medical history and all of his assertions. All appropriate tests and studies should be accomplished, to include psychological testing, if deemed warranted. Findings from all tests and/or studies must be made available to the requesting examiner prior to completion of his or her report. 

Based on consideration of all pertinent medical and lay evidence (to include the Veteran's own assertions), the examiner should render an opinion, consistent with sound medical principles, as to whether it is at least as likely as not (i.e., a 50 percent or greater probability) that the Veteran's alcohol abuse or dependence (A) was caused, OR (B) is aggravated (worsened beyond the natural progression) by his service-connected PTSD. If aggravation is found, the examiner should attempt to quantify the degree of additional disability resulting from the aggravation. The examiner must answer both questions concerning causation and aggravation. 

Additionally, if pertinent to the conclusion or rationale of the medical opinion, the examiner should define alcohol abuse or dependence (as a pathological condition or disability) and discuss all pertinent symptoms of such alcohol disability.

3. Determine whether the Veteran has decided to pursue a claim for an increased rating of his PTSD. If the Veteran has chosen to pursue such claim, refrain from readjudicating the claims that are the subject of this Remand until all AOJ development for the increased rating claim for PTSD is complete, as such may impact the determination of TDIU. If the Veteran has chosen not to pursue such claim, then complete the next step of this Remand.

4. Once all of the above actions have been completed, readjudicate the claims that are the subject of this Remand (to include the issue of entitlement to TDIU). If any benefit sought on appeal remains denied, the Veteran and his representative should be provided with a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issue. An appropriate period of time should be allowed for response by the Veteran and his representative. Thereafter, the case should be returned to the Board for further appellate consideration, if in order.

The Veteran has the right to submit additional evidence and argument on matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).

_________________________________________________
MARJORIE A. AUER
Veterans Law Judge, Board of Veterans' Appeals
Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).